UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RILEY COCHRAN-HERNANDEZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>SAN JUAN UNIFIED SCHOOL DISTRICT; JEFFRY REMINGTON; MATT COSTA,<br><br>                    Defendants. | No. 2:26-cv-01560-JAM-SCR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS JEFFRY REMINGTON AND MATT COSTA** |

The Court is in receipt of Plaintiff Riley Cochran-Hernandez's unopposed Motion for Alternative Service of Process on Defendants Jeffry Remington ("Remington") and Matt Costa ("Costa") (collectively, the "Individual Defendants"). ECF No. 8. Plaintiff asks that the Court grant him leave to effect service on Remington and Costa by emailing a copy of the Summons and Complaint to their attorney, Matthew C. Jaime, Esq., because "(1) the Individual Defendants are aware of this action and have retained counsel; (2) the Individual Defendants' counsel has refused to accept service on their behalf despite multiple requests by Plaintiff's counsel; and (3) Plaintiff has been unable to serve the Individual Defendants despite making

1

reasonable efforts to serve them at their last known residential addresses." Id. at 2.

The Court grants this request. An individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1). California law permits five basic methods of service: (1) personal delivery to the person to be served; (2) substituted service; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50. Alternatively, Section 413.30 permits courts to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Id. § 413.30. Courts have permitted service by email for defendants within the United States under Section 413.30 where "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants" and "service by email is reasonably calculated to give actual notice to the defendants." See Gnathonic, LLC v. Dingman, No. 2:19-cv-01502-VAP-SSx, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (quoting Cisco Sys. Inc. v. Shaitor, No. 18-CV-00480-LB, 2018 WL 3109398, at *4 (N.D. Cal. June 25, 2018)).

The Court finds that Plaintiff has demonstrated reasonable diligence for the reasons stated in Plaintiff's Motion, namely

2

that "a process server has been unable to serve either defendant, despite making three successive attempts to serve both individuals," and that Plaintiff's counsel "made four attempts to contact the Individual Defendants' counsel, who never responded, despite initiating contact by sending a letter to Plaintiff's counsel requesting proofs of service." ECF No. 8 at 3–4. The Court also finds that Plaintiff has demonstrated service via email is reasonably calculated to give the Individual Defendants notice of this action. The Individual Defendants' counsel reached out to Plaintiff's counsel to inform them he is representing the Individual Defendants in this action. See id. Thus, it is reasonable to assume the Individual Defendants' counsel has the means to contact the Individual Defendants and can forward them the Summons and Complaint. Accordingly, the Court will permit Plaintiff to effect service on the Individual Defendants via email to their counsel.

The Court also finds, however, that Plaintiff has not fully exhausted the other means of service provided for in California Code of Civil Procedure sections 415.10 through 415.50, such as service by mail. Thus, the Court orders Plaintiff to attempt service by mail along with email service. See, e.g., Barnes v. Scola, No. 25-cv-10837-RS, 2026 WL 125613, at *3 (N.D. Cal. Jan. 16, 2026) (authorizing alternative service via email as well as by mail).

## I.   ORDER

For the reasons set forth above, Plaintiff Riley Cochran-Hernandez's Motion for Alternative Service of Process on Defendants Jeffrey Remington and Matt Costa (ECF No. 8) is

3

GRANTED.  Plaintiff may effect service of process on Defendants Remington and Costa by emailing a copy of the Summons and Complaint to their counsel, Matthew C. Jaime, Esq., within one business day of this Order with the instruction to forward such information to Defendants Remington and Costa.  A copy of this Order shall be included in the email.

Plaintiff must also attempt service of the Summons and Complaint on Defendants Remington and Costa by mail as provided for in California Code of Civil Procedure section 415.30 within three business days of this Order.  A copy of this Order shall be included in the mail.

Plaintiff shall thereafter file proofs of service with the Court.  Defendants Remington and Costa's response to the Complaint shall be due twenty-one (21) days after Plaintiff has filed said proofs of service.

IT IS SO ORDERED.

Dated: June 9, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

4